The Ghancemoeo
Mrs* Margaret Armstrong, being pos *569 sessed as her sole and separate property, ire* from the control of her husband, Col. William Armstrong,’ of a house and lot in Elizabethtown which she had purchased, and which had been convoyed to Peter Kean, since deceased, in trust for her and her ’ heirs, and being also possessed of considerable personal estate and of other real estate, and having full power to dispose of the same by will, made her will, dated September 16, 'J 827, and thereby, after giving her plate to be equally divided among her four children, gave and devised as follows : "ítem, I give and bequeath the house and lot in Elizabethtown which I purchased &c., and which was conveyed to Peter Kean in trust for me and my heirs, to my beloved husband, William Armstrong, during the full end and term of his natural life, to be used and occupied by Mm as a residence, together with the use of all the household furniture (plate excepted) now therein contained: but if my said husband should marry, remove to foreign parts, or elect to break up house-keeping, then my will is that the above devise to Mm shall become null and void, and that the said house and lot, together with all and singular the household furniture therein, shall become the absolute property of my beloved daughter Eliza Rosetta Armstrong, to be taken and held by her under the like restrictions, limitations and conditions as the property hereinafter bequeathed to her.55 She then gives to her husband and to her sons .Edward and Charles and to her married daughter Margaret Salter gold rings, to be procured by her executor and executrix. She then expresses her regret that sliejias it not in her power to provide more amply foi* her children, bat says that it has pleased God to place two of them, Edward and Margaret, in easy circumstances, and as her beloved son Charles lias both the disposition and the ability to provide a decent and respectable maintenance for himself, in his profession, she trusts they will all cheerfully acquiesce in her will. The will then proceeds as follows i "Item. I give and bequeath, all the rest and residue of my estate in, the State of New York and New Jersey, or wherever else sifcfiate, whether real, personal or mixed, together with the reversion and remainder of the house and lot, together with my household furniture heretofore bequeathed to my husband during b^ natwal life, or so long ag he shall remain mmmeá and elect to oe *570 cupy the same as a residence, to my beloved daughter Eliza Rosetta Armstrong, to»be by her possessed, enjoyed and occupied to her and her heirs forever, provided, nevertheless, that she shall and do, out of the rents, issues and profits of the said estate, provide a comfortable maintenance for my faithful domestic Catharine Small. But if my said daughter Eliza should die without heirs and intestate, then my will is, that all my estate herein above devised to her shall vest in my son Charles M. Armstrong and my daughter Margaret Salter and their heirs, to be divided between them, share and share alike. The will then appoints her son Edward and her daughter Eliza executor and executrix thereof.
The testatrix died September 25, 1827, leaving her said husband and said four children surviving her. The husband continued to reside in the said dwelling house, and to use and occupy the said house and lot, and the household furniture, (except the plate.) Eliza continued to live with her father until his death, on the 26th January, 1830. Immediately after his death, Eliza took possession of the house and lot and the household furniture. She sold the household furniture and other personal property of the testatrix, and converted it, or the most of it, into money, and placed the moneys arising therefrom at interest, or purchased stocks therewith, or otherwise invested the same, and conveyed the said house and lot for the consideration of $ — , which sum was placed at interest, or invested in stocks or otherwise, and has been kept at interest or otherwise invested ever since by her trustee hereinafter named.
Shortly after the execution of the conveyance by the said Eliza of the said house and lot, an ante-nuptial contract was made between the said Eliza and her intended husband, Andrew C„ Armstrong, and William Kent, party thereto of the third part, reciting that the said Eliza was possessed of and entitled to certain personal estate, viz: a bond and mortgage for $2,000, (describing them,) dated November 1, 1836, a bond and mortgage for $1,400, (describing them,) dated December 1, 1835, and 17 shares of bank stock, (describing them,) and two shares of insurance stock, (describing them,) and that a marriage was intended &c.; and that it was agreed that all the personal property of the said Eliza should be settled as therein provided; and conveying *571 the said personal property mentioned in the said marriage articles, and all other personal property of the said Eliza, to 'William Kent, in trust for the said Eliza until the said marriage, and after the marriage to collect and re-invest the same; and during the joint lives of the said Eliza and Andrew to hold, convey and transfer the said property and pay and apply the interest, dividends and income thereof to such persons and for such purposes as the said Eliza should, from time to time, notwithstanding her coverture, by any writing under her hand direct or appoint; and in default of such appointment, to apply and pay such interest, dividends and income into the hands of the said Eliza, for her sole and separate use and benefit, independent of her said intended husband, and without being subject to his debts or control; and, from and after the death of the said Andrew, if the said Eliza should survive him, to convey said property and pay all the interest and income thereof to the said Eliza, absolutely, and free from all trusts. But if the said Eliza should die before the said Andrew, then to convey such property to such person or persons as she should by will or deed, executed in the presence of two or more witnesses, direct and appoint % and in default of such appointment, in trust for the said Andrew, during his natural life, and on Ms death to hold the said property for, or to convey the same to such person or persons as, at the time of the death of the said Eliza, should be, according to the laws of the State of New York, the next of kin.
The marriage took place, and the trustee, William Kent, received the property mentioned in the marriage settlement.
Eliza R. Armstrong died November 27, 1889, without issue and intestate.
The bill prays that the equitable rights of the complainants Charles M. Armstrong and Margaret Salter under the will of their said mother bo ascertained and finally settled i that the rights of the said complainants to the said house and lot may be established, and that the sale thereof by the said Eliza may be set aside or declared void j and that the heirs of Peter Kean, deceased, (made parties defendants,) may convey the legal title to the said house and lot to the complainants Charles and Margaret, and that the possession of the said house and premises be *572 delivered to them 5 and that an account may he directed to he taken of the rents and profits thereof since the death of the said Eliza, and that they may he paid to the complainants Charles and Margaret, and that an account may he decreed to he taken of all the rest and residue of the estate of the said testatrix whieh is given by the said will to the complainants Charles and Margaret in the event of the death of the said Eliza “without heirs and intestate,” and of the sales and investments thereof, •and of the part or amount thereof transferred to the said William Kent, in trust as aforesaid, by the said marriage articles, and of the investments made thereof by him, and of what he has received for the interest, dividends and income thereof, since the death of the said Eliza, and that he may he decreed to pay or deliver the same to the complainants Charles and Margaret.
Andrew C. Armstrong, William Kent, James Nutman, (who claims the house and lot by mesne conveyance thereof from Eliza’s grantee thereof,) and and the heirs of Peter Kean, deceased, are made defendants.
Assuming that the bonds and mortgages, stocks und personal property conveyed by the said marriage settlement to W Kent, in trust as therein stated, are the proceeds of the property devised and bequeathed by the will of Margaret Armstrong to Eliza R. Armstrong, in the manner in the said will provided, with the limitation over as also therein provided, the questions presented for consideration are the same as would be presented to a court of law under a will'Made by one having the legal estate in this real and personal property devising and bequeathing to Eliza R. Armstrong in the manner provided by this will with the limitation over therein provided.
It is a devise of all the rest and residue of the estate, real, personal or mixed, to Eliza R. Armstrong, to he by her possessed, enjoyed and occupied to her and her heirs forever; but if she should die without heirs and intestate, then that' all the estate above devised to her shall vest in her brother Charles M. Armstrong and sister Margaret Salter and their heirs, to be divided between them, share and share alike.
The questions presented are s
1st. Whether these clauses taken together, and by force' of *573 the words “and intestate,” do or do not give to Eliza a fee simple in the lands, and an absolute property in the personal estate, or if not a fee simple in the lands, an absoluto property in the personal estate.
2d. If by force of the words “ and intestate” neither a fee simple in the lands, nor an absolute property in the personal estate is given, what estate is given to Eliza in the lands 1 Is it a fee tail in Eliza, with a contingent remainder over to Charles and Margaret, or is the limitation over to Charles and Margaret an executory devise 1 In other words, are the words “without heirs,” or the words “without heirs and intestate,” to be construed to mean an indefinite failure of issue, or only a failure of issue at the time of Eliza’s death.
8d. If the will he construed to give Eliza an estate tail in the lands, what estate or interest had she in the personal property 1
4th. Tf the limitation over be construed to he an executory devise, is (such) a limitation over of personal property on -one’s dying without heirs and intestate within the rules of law 1
5th. What was the effect in law of the deed from Margaret Salter, Charles M. Armstrong and Edward Armstrong to Eliza Rosetta Armstrong, referred to in the pleadings, and how does it affect the trust to William Kentl
These I conceive to he questions involving rules of property that should be settled by the law courts, and I shall accordingly direct a case to be made for the opinion of the Supreme Court thereon.
The case was argued before the Supreme Court, and the following is a copy of the opinion certified by the Supremo Court to the Chancellor. C
NEW-JERSEY SUPREME COURT.
OCTOBER TERM, 1848.
Between Charles M. Armstrong, Wil-] liam I). Sadter and Margaret his wife, and Geo. T. Elliot, complainants, and Andrew C. Armstrong, Wil’m. Kent, James Nutman, John Kean, Hamilton Eish and Julia his wife, and Christine Kean, defendants. On a Case submit-i ted by the Chancel-1 lor to the Supreme Court.
*574 I, Henry W. Green, Chief Justice of the Supreme Court, do certify to his Honor Oliver S. Halsted, Chancellor of the State of New Jersey, that the questions submitted in the above eause came on to be heard before the Justices of the Supreme Court, at the July term of said Court, in the presence of the Chief Justice and Justices Nevius and Carpenter, and were then debated by the counsel of the respective parties, and the Court took time to consider the same until the present October term of said Court, and I report, as the unaninfcus opinion of the said Court, that Margaret Armstrong, by the will in the said case mentioned, in the residuary clause thereof, devised to her daughter Eliza Rosetta Armstrong an estate in fee simple in the lands, and bequeathed to her an absolute property in the personal estate therein devised and bequeathed to her; that the words “without heirs and intestate,” in that clause, implies a power of disposition, and is inconsistent with and avoids the limitation over j that so far as the said lands and personal estate were embraced in the property conveyed to William Kent the same passed under the trusts expressed in the- marriage article referred to in the said case. And I further report as the opinion of the said Court, that the deed referred to did not, in the view taken of the case by the Court, affect the trust in William Kent.
Dated, 10th February, 1849.
HENRY W. GREEN. •
The opinion of the Supreme Court will be found at length in I. Zabriskie's Rep. 518.
A decree was signed by the Chancellor accordingly.